JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to grant him 108 days jail time credit in State v. Sherman, Cuyahoga County Court of Common Pleas case Nos. CR-405677, 407850 and 429942. Sherman filed a motion to correct jail time credit on June 20, 2003.
Respondent has filed a motion for summary judgment attached to which are copies of journal entries issued by respondent and received for filing by the clerk on July 3, 2003 in which respondent stated that he had previously granted and corrected jail time credit as requested by Sherman and held that Sherman's motion was moot. Relator has not opposed the motion. Respondent argues that he has discharged his duty. Respondent also argues that the proper remedy for challenging a trial court's determination of jail time credit is appeal not mandamus. Stateex rel. Johnson v. O'Donnell (Oct. 4, 1994), Cuyahoga App. No. 67783. We agree.
Additionally, a review of the dockets in Case Nos. CR-405677, 407850 and 429942 reflects that respondent issued a clarifying journal entry which was received for filing by the clerk on August 13, 2003. In that entry, respondent granted Sherman 112 days jail time credit.
The complaint is also defective. Although R.C. 2731.04 requires that actions in mandamus must be on relation of the state in the name of the person bringing the action, the caption reads "State of Ohio v. Paul J. Sherman." Furthermore, R.C. 2969.25 requires that a prisoner file an affidavit describing each civil action or appeal of a civil action which the prisoner filed in the previous five years in any state or federal court and that a prisoner file a certified statement by the prison cashier setting forth the balance in the prisoner's private account for each of the preceding six months. Relator has failed to comply with the requirement that he file a certified statement by the prison cashier. Compare State v. Johnson, Cuyahoga App. No. 82251,2003-Ohio-1848. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel.Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. We also note that relator called his filing "WRIT OF MANDAMUS MOTION TO COMPEL." An action in mandamus may not be commenced by a motion. State ex rel. Dept. Of Rehab. Corr. v. Horton, Cuyahoga App. No. 82705, 2003-Ohio-2755. Each of these defects provides a basis for dismissal of the complaint in mandamus.
Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Anne Dyke, P.J., and Frank D. Celebrezze, Jr., J., Concurs